DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jacob M. Eshler, et al., | ) | |
| | ) | CASE NO. 5:06 CV 0520 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| Stutzman Lawn & Landscaping, LLC, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court is the motion of George Schmidt & Co., Inc. Group Health Plan ("the Health Plan") to intervene in this action pursuant to Fed. R. Civ. P. 24(a). (Doc. No. 28). Plaintiff has filed a memorandum in opposition (Doc. No. 30) and the Health Plan has filed a reply (Doc. No. 31). As discussed briefly below, the motion is denied.

Fed. R. Civ. P. 24 provides as follows:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

\* \* \*

(c) **Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene.

(5:06 CV 0520)

The Health Plan asserts in its motion that George Schmidt & Co., Inc. is and was the employer of plaintiff, Jacob M. Eshler, and that it has paid in excess of $67,157 for medical services on behalf of Eshler because of personal injuries caused by defendant Stutzman Lawn and Landscaping, LLC, in an accident on June 23, 2005.  The Health Plan asserts that, under the terms of the self-funded medical plan, it is entitled to reimbursement by defendant for all monies expended on behalf of Eshler as a result of the accident.

The Health Plan further asserts that "[b]ecause Plaintiff has not cooperated with the Health Plan, the Health Plan's intervention is necessary in order to protect the subrogation rights of the Health Plan."  (Memorandum at 2).  The Health Plan asserts that "this intervention will not delay proceedings[ ]" and that it "completely acknowledges that this case has been scheduled for trial on July 23, 2007 and [the Health Plan] will be prepared to proceed to trial should the Court permit this intervention."  (Id.).

What the Health Plan has not done is submit a proposed pleading pursuant to the procedure outlined in the rule.  Nor has the Health Plan assured this Court that it is aware that discovery is over.  Although it has stated it will proceed to trial, it has notably not recognized that it would have to do so without discovery being reopened.

This case was filed on March 7, 2006. Following the Case Management Conference, which was delayed because the named defendant at first defaulted and then sought and was granted leave to have the default set aside, by order dated June 19, 2006, the Court set a discovery cutoff of December 1, 2006 and set the trial date for July 23, 2007.  Subsequently, the

(5:06 CV 0520)

Court granted a joint motion for a short extension of expert reports, explicitly noting that the trial would not be continued.  The Court also set a status conference for June 26, 2007.

Prior to the CMC, the Health Plan was notified of the pending litigation and was alerted to the subrogation interest.  All along the way, plaintiff's counsel has kept the Health Plan informed of this Court's orders and deadlines.  See attachments to Doc. No. 30.  Nonetheless, the Health Plan waited until March 28, 2007 to file the instant motion to intervene.

In view of the procedural developments in this case, about which the Health Plan was kept informed, the Court finds that the application to intervene is not "timely" within the meaning of Rule 24(a).  The lack of timeliness is further complicated by the fact that fact discovery has been complete for over four months, expert discovery is also complete, and the Health Plan has failed to serve and file a proposed pleading, as required by Rule 24(c).

Denial of intervention will not extinguish the Health Plan's subrogation rights.  Granting intervention will very likely delay proceedings in this case, which is over a year old and which is otherwise ripe for resolution between the parties.

Accordingly, the motion to intervene (Doc. No. 28) is DENIED.

IT IS SO ORDERED.

|  April 20, 2007 | _s/ David D. Dowd, Jr._ |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |